1

2

3

4

5

6

7

8             **UNITED STATES DISTRICT COURT**

9             **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11   KULVINDER S. BOPARAI, | )   Case No.: 1:12-cv-00789 - LJO - JLT |
| 12            Plaintiff, | )<br>)   ORDER DISMISSING COMPLAINT WITH |
| | )   LEAVE TO AMEND |
| 13        v. | ) |
| | )   (Doc. 1) |
| 14   ERIC K. SHINSEKI, Secretary of Veterans | ) |
| 15   Affairs, et al., | ) |
| | ) |
| 16            Defendants. | ) |
| 17 | ) |

18          Plaintiff Kulvinder S. Boparai ("Plaintiff") initiated this action for civil rights violations

19   against Eric K. Shinseki, Secretary of Veterans Affairs; Donna Beiter, Director the Greater Los

20   Angeles Healthcare System- Veteran's Affairs; Dean Norman, Chief of Staff; Thomas Yoshikawa,

21   Acting Director of Primary Care; Jo Ann Van Horn, Site Manager of Bakersfield Veterans Affairs

22   Ambulatory Care Clinic; and the United States Department of Veterans Affairs.  (Doc. 1).   For the

23   following reasons, Plaintiff's complaint is **DISMISSED WITH LEAVE TO AMEND**.

24   **I.      Pleading Requirements**

25          General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A

26   complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of

27   the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may

28   include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).  The Federal Rules

adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of a complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, the Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

///

2

## II.      Plaintiff's Allegations

According to Plaintiff, he was "verbally assaulted and angrily stared at for a long time by Bakersfield clinic Site Manager Jo Ann Van Horn in a meeting in front of medical and nursing staff" on March 8, 2011.  (Doc. 1 at 1).  Plaintiff asserts he "had several [Equal Employment Opportunity] complaints naming [V]an Horn as responding management official."  *Id.*  Therefore, Plaintiff contends the alleged verbal assault by Ms. Van Horn was "illegal discrimination" based upon his "protected classes,"[1] as well as retaliation for the complaints.  *Id.*

Plaintiff alleges he reported the incident to his supervisor, but was not informed of the outcome of an investigation, despite requests to Earl Tso, Mary Moore, and Jeanelle Happy.  (Doc. 1 at 1).  Plaintiff believes "[n]o action has been taken against Ms. Jo Ann Van Horn by management."  *Id.*  Plaintiff asserts he "alleged illegal discrimination based on race, Religion, Age, Sex & Prior [Equal Employment Opportunity] activity and filed complaint."  *Id.* at 2.  Specifically, Plaintiff contends:

> I learnt though Discovery [sic] of emails around May 4, 2011 that, Agency[2] employees and officials allegedly made repeated false complaints against me and portrayed me in a negative manner and management initiated investigations against me and planned disciplinary action and alleged illegal discrimination based on race, Religion, Age, Sex & Prior EEO activity.

*Id.*  Further, Plaintiff alleges he "was bypassed for additional responsibilities . . . without a valid reason."  *Id.*  Plaintiff reports he contacted a counselor with the Equal Employment Opportunity Commission ("EEOC"), but the claims were dismissed.  *Id.*  According to Plaintiff, the EEOC upheld this decision on February 9, 2012.  *Id.*

In addition to the above alleged discrimination, Plaintiff asserts the "use of exam rooms as recommended by VHA Directive 2004-038" was denied.  (Doc. 1 at 2).  Plaintiff reports he had a second exam room which was taken and given to another employee.  *Id.*  Upon the other employee's retirement, Plaintiff requested use of the examining room, but "another employee hurriedly moved

---

[1] Plaintiff asserts he is a member of protected classes for the following reasons: "race (Asian Indian), sex (male), age (year of birth 1948), [and] religion (Sikh)."  (Doc.1 at 2).

[2] Plaintiff fails to identify "the Agency," but based upon the identities of the defendants, the Court will assume – for purposes of this screening only – "the Agency" is the Office of Veterans Affairs.

3

1    in[]" and he was told the room "was being used and not available." *Id.*  Plaintiff filed a complaint with

2    the Agency, but his claim was denied on February 16, 2012.  *Id.* at 3.

3             Further, Plaintiff asserts "the Agency routinely scheduled more work than can be done safely

4    resulting in forced overtime without compensatory time off in lieu."  (Doc. 1 at 3).  For example,

5    Plaintiff reports: "On August 7, 2009, I had to work 1 hour over and on August 15, 2009 I had to

6    spend 30 minutes overtime." *Id.*  Plaintiff asserts he requested compensatory time, which was denied,

7    although compensatory time was given to other physicians.  *Id.*  As a result, Plaintiff filed a complaint

8    for discrimination with the Agency, which was denied on February 16, 2012.  *Id.*

9    **III.     Discussion and Analysis**

10            Based upon the foregoing facts, Plaintiff alleges violations Title VII of the Civil Rights Act of

11   1964.  Specifically, Plaintiff seeks to state claims for a hostile work environment, retaliation, and

12   disparate treatment.  (Doc. 1 at 1).

13        **A.     Hostile work environment**

14            To state a claim for a hostile work environment under Title VII, Plaintiff must demonstrate he

15   allege "(1) [he] was subjected to verbal or physical conduct because of [his] race, (2) the conduct was

16   unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of [his]

17   employment and create an abusive work environment." *Manatt v. Bank of Am.*, 339 F.3d 792, 797

18   (9th Cir. 2003); *see also Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993) (a plaintiff must

19   establish "the workplace is permeated with discriminatory, intimidation, ridicule and insult that is

20   sufficiently severe or pervasive to alter the conditions of the victim's employment and create an

21   abusive working environment").

22            Whether an environment is sufficiently hostile requires consideration of "the frequency of the

23   discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere

24   offensive utterance; and whether it unreasonably interferes with an employee's work performance."

25   *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993).  Recently, this Court explained that "[o]ffhand

26   comments, mere utterances and isolated incidents that cause offense (unless extremely serious) will

27   not amount to discriminatory changes in the terms and conditions of employment." *Thomas v. BNSF*

28   *Railway Co.*, 2012 U.S. Dist. LEXIS 98478, at * 14 (E.D. Cal. Dist. July 16, 2012) (citing *Manatt*, 339

F.3d at 798).  The Ninth Circuit found a plaintiff failed to establish the conduct was severe or

pervasive enough to meet the standards of a Title VII violation where the plaintiff cited one instance

when a defendant yelled at him and two false complaints about his work.  *Vasquez v. County of Los*

*Angeles*, 349 F.3d 634 (9th Cir. 2003).

Similarly, here, Plaintiff alleges Ms. Van Horn "verbally assaulted and angrily stared at [him]

for a long time" during a meeting.  Although Plaintiff asserts other "employees and officials allegedly

made repeated false complaints against him," he does not identify the individuals who made these

false complaints, or the occasions when this occurred.  Consequently, Plaintiff has not alleged facts

supporting an allegation that the defendants' conduct was severe enough to alter the conditions of his

employment or create an abusive work environment.  Rather, he references isolated instances of

hostility, with the only named participant being Ms. Van Horn.  Moreover, Plaintiff has not alleged

facts showing this conduct was motivated by a hostile attitude due to his membership in a protected

class.  Accordingly, Plaintiff has not stated a cognizable claim for a hostile work environment, and this

claim is **DISMISSED**.

## B.     Disparate treatment

Plaintiff contends he was denied compensatory time after working overtime, but other

physicians received compensatory time.  (Doc. 1 at 3).  In essence, this allegation is a claim for

disparate treatment under Title VII.  To state a cognizable claim for disparate treatment, a plaintiff

must show that: (1) he is a member of a protected class; (2) he was qualified for the position he sought

or was performing competently in the position he held; (3) he suffered an adverse employment action;

and (4) similarly situated employees not in his protected class were treated more favorably.  *See*

*Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002).

Plaintiff asserts he is a member of several protected classes, and that he "was bypassed for

additional responsibilities . . . without a valid reason."  (Doc. 1 at 2).  "[A]n adverse employment

action is one that materially affects the compensation, terms, conditions, or privileges of

employment."  *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) (quotation marks and

citation omitted).  An adverse employment action may include the denial of an available job.

*Villiarimo*, 281 F.3d at 1062.  Notably, Plaintiff does not explain if or how the "additional

responsibilities" would affect his compensation, terms, or privileges.  In addition, he does assert those not in protected classes were treated more favorably or given additional responsibilities, and no factual allegations support a determination that he was treated less favorably than those to whom he was similarly situated.  Therefore, Plaintiff has not stated a cognizable claim for disparate treatment, and this claim is **DISMISSED**.

### C.    Retaliation

To state a cognizable claim for retaliation, a plaintiff must show allege: (1) he engaged in protected activity; (2) his employer subjected him to an adverse employment action; and (3) there is a causal link between the protected activity and the adverse action.  *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000).

Here, Plaintiff alleges he filed complaints with the EEOC, which is considered a protected activity under Title VII.  *See Ray*, 217 F.3d at 1240.  In addition, Plaintiff contends he suffered an adverse employment decision through the denial of additional responsibilities.  However, Plaintiff fails to plead facts supporting an inference that there was a causal link between his EEOC complaints and the denial of additional responsibilities.  While in some cases, causation can be inferred from timing where an adverse employment action follows a protected activity, in order to sustain an inference of retaliatory motive, the adverse action must have occurred "fairly soon" after the protected activity.  *Villiarimo*, 281 F.3d at 1065.  Here, Plaintiff has not provided any information regarding the passage of time that occurred between his filings and the adverse action.  Therefore, Plaintiff has not stated a cognizable claim for retaliation, and the claim is **DISMISSED**.

## IV.    Conclusion and Order

Although Plaintiff identifies several causes of action, he has failed to state cognizable claims under Title VII such that the Court has subject matter jurisdiction over the action.  Plaintiff's complaint lacks factual allegations supporting his claims of hostile work environment, disparate treatment, and retaliation.  In addition, Plaintiff fails to link a number of the defendants to any alleged injury, and the allegations are not sufficient to give the defendants fair notice of the claims against them.  *See Jones*, 733 F.2d at 649.  Plaintiff is required to provide basic information supporting his claims.  *See Iqbal*, 129 S.Ct. at 1949 (a complaint must include more than "labels and conclusions").

6

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Bell*, 127 S.Ct. at1965(citations omitted).

Because the Court cannot find with certainty that amendment would be futile, or that Plaintiff is unable Plaintiff will be given leave to amend the complaint. *See Lopez*, 203 F.3d at 1128 (dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile); *see also Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Plaintiff is advised that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). In addition, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Complaint is **DISMISSED WITH LEAVE TO AMEND**;

2. Within twenty-one days from the date of service of this order, Plaintiff **SHALL** file a First Amended Complaint; and

3. If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **July 20, 2012**              **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE