UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KULVINDER S. BOPARAI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ERIC K. SHINSEKI, Secretary of Veterans Affairs, et al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-00789 - LJO - JLT<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 7) |

　　　　Plaintiff Kulvinder S. Boparai ("Plaintiff") initiated this action for civil rights violations against Eric K. Shinseki, Secretary of Veterans Affairs; Donna Beiter, Director the Greater Los Angeles Healthcare System- Veteran's Affairs; Dean Norman, Chief of Staff; Thomas Yoshikawa, Acting Director of Primary Care; Jo Ann Van Horn, Site Manager of Bakersfield Veterans Affairs Ambulatory Care Clinic; and the United States Department of Veterans Affairs. (Doc. 7).

　　　　For the following reasons, Plaintiff's First Amended Complaint is **DISMISSED WITH LEAVE TO AMEND**.

**I.　　Pleading Requirements**

　　　　General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may

1

include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a) ("Rule 8"). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

## II.     Plaintiff's Allegations

According to Plaintiff, he was placed under surveillance, false allegations were made by management and staff, and he "was given unfair, undeserved and lower performance annual evaluations." (Doc. 12 at 2). In addition, Plaintiff asserts he was "bypassed for additional responsibilities" and "denied advancement." *Id.* Further, Plaintiff contends there was "disparate treatment for Bakersfield physicians," because they did not have a specific lead physician and had a higher average of patients compared to the national average. *Id.* at 3. Plaintiff alleges the procedures in place violated directives issued by the Office of Veterans' Affairs. *Id.* at 4.

## III.    Discussion and Analysis

The purpose of a complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court explained,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation marks and citations omitted). Vague allegations do not support a claim. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Here, Plaintiff recounts the history of his Equal Employment Opportunity complaints, including false allegations and his failure to be selected for a lead physician position. Although Plaintiff provides several factual allegations, he fails to identify the causes of action which he wishes to pursue against Defendants. As a result, Plaintiff's First Amended Complaint fails to comply with Rule 8, because Plaintiff fails to identify the specific causes of action for which he seeks relief. *See Sherrell v. Bank of Am., N.A.*, 2011 U.S. Dist. LEXIS 147427, at *11 (E.D. Cal. Dec. 22, 2011) (explaining that "when suing multiple defendants . . . '[s]pecific identification of the parties to the

activities alleged by plaintiff[] is required in this action to enable the defendant to plead intelligently.'")

## IV. Conclusion and Order

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, the Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

In this case, Plaintiff's First Amended Complaint fails to identify the causes of action on which he seeks to proceed. Because the Court cannot find with certainty that amendment would be futile, or that Plaintiff is unable to state a claim upon which relief can be granted, Plaintiff will be given **one final opportunity to amend his complaint** and he will be given leave to file a Second Amended Complaint that complies with the requirements of Rule 8. *See Lopez*, 203 F.3d at 1128 (dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile); *see also Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is instructed to comply with Rule 8(a) and (d) of the Federal Rules of Civil Procedure, which require "a **short and plain statement** of the claim showing that the pleader is entitled to relief" and each allegation to "be **simple, concise, and direct**." (emphasis added).

Further, Plaintiff is reminded that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). The amended pleading must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Once Plaintiff files a Second Amended Complaint, the original pleading no longer serves any function in the case. The document must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an

1 amended complaint are waived." *King*, 814 F.2d at 567 (citing *London v. Coopers & Lybrand*, 644
2 F.2d 811, 814 (9th Cir. 1981).
3     Based upon the foregoing, **IT IS HEREBY ORDERED**:
4     1.   Plaintiff's First Amended Complaint is **DISMISSED WITH LEAVE TO AMEND**;
5     2.   Within twenty-one days from the date of service of this order, Plaintiff **SHALL** file a
6          Second Amended Complaint; and
7     3.   <u>If Plaintiff fails to comply with this order, the action will be dismissed for failure to
8          obey a court order pursuant to Local Rule 110</u>.

10 IT IS SO ORDERED.
11     Dated:   **October 4, 2012**            **/s/ Jennifer L. Thurston**
12                                             UNITED STATES MAGISTRATE JUDGE

4