UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KULVINDER S. BOPARAI,<br><br>       Plaintiff,<br><br>   v.<br><br>ERIC K. SHINSEKI, Secretary of Veterans Affairs, et al.,<br><br>       Defendants. | Case No.: 1:12-cv-00789 - LJO - JLT<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 9) |

     Kulvinder S. Boparai ("Plaintiff") initiated this action for violations under Title VII on May 14, 2012. (Doc. 1). Plaintiff filed his Second Amended Complaint against Erick K. Shinseki, Secretary of Veterans Affairs ("Defendant"), on October 29, 2012. (Doc. 9). For the following reasons, the Second Amended Complaint is **DISMISSED WITH LEAVE TO AMEND**.

**I.    Pleading Requirements**

     General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of a complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). A court should assume the truth of well-pled factual allegations and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

## II.     Plaintiff's Allegations

Plaintiff alleges he filed an EEO complaint in 2006. (Doc. 9 at 5). He contends Jo Ann Van Horn, site manager for the Bakersfield clinic, and other VA staff members made "multiple false allegations" against Plaintiff from 2006 to 2012 in retaliation for this activity. *Id*. For example, Plaintiff alleges Blanch Glazier "made unsubstantiated allegations of [him] yelling at patients" in 2006. *Id.* In October 2006, Plaintiff asserts "Cyndi Gill wrote [a] false complaint . . . to Dr. Gains and offered to change the language to make it appear worse if Dr. Gains would like her to do that." *Id.*

Plaintiff alleges he "was denied compensatory time off in lieu of overtime" in "retaliation for EEO activity" in August 2009. (Doc. 9 at 4-5). According to Plaintiff, directives of the Veterans Health Administration mandate "compensatory adjustments," but Plaintiff was required to work

"uncompensated overtime on most days from 2005 to 2007 and frequently thereafter." *Id.* at 4. Plaintiff reports Ms. Van Horn informed him that "there was no provision for compensatory time off," and denied his request. *Id.* at 5.

According to Plaintiff, he was "unlawfully discriminated against based on prior EEO complaints and retaliation for prior EEO complaint when he was denied the use of [a] contiguous second exam room on or around August 30, 2009."  (Doc. 9 at 1).  Plaintiff alleges this was "disparate treatment" because he had only one examination room while other physicians had two rooms. *Id.* He asserts the denial of an additional room was "harassment . . . as it unreasonably interfered with [his] work performance," and "intimidation . . . as the room was unfairly denied." *Id.* at 1-2.

In addition, Plaintiff reports he confronted a nurse in September 2010 that he believed was "repeatedly and improperly overbooking [his] schedule" under the direction of Ms. Van Horn.  (Doc. 9 at 3, 6).  The nurse filed a complaint against Plaintiff, which he asserts alleged "multiple false unsubstantiated allegations," and Plaintiff was investigated for creating a hostile work environment. *Id.* at 6. Plaintiff alleges the investigator concluded Plaintiff exhibited unprofessional conduct, and he was given a memorandum of reprimand in October 2010 by Dr. Yoshikawa, Director of Primary Care at the Greater Los Angeles Clinic. *Id.* at 2-3, 6.  Plaintiff asserts the nurse was not disciplined for the false accusations, and Ms. Van Horn was not disciplined after she failed to give him adequate time to respond to the memorandum of reprimand. *Id.* at 6-7.

He alleges Ms. Van Horn "displayed unprofessional conduct" toward Plaintiff at a staff meeting in March 2011.  (Doc. 9 at 2).  Plaintiff asserts Ms. Van Horn "falsely [and] unfairly accused [him] of refusing to see patients" in retaliation for an EEO complaint he filed. *Id*.  Plaintiff reports he objected to the accusations and told Ms. Van Horn to address the issue with the lead physician. *Id.*  In response:

> [Ms. Van Horn] got visibly upset and verbally assaulted [P]laintiff in [a] staff meeting in front of other doctors and nurses and yelled, snarled loudly, slowly emphasizing her words, threateningly said "As you know, we do not have a lead physician.  We are going to settle it right here and right now" and continued staring at the plaintiff, daring and threatening the plaintiff.

*Id.* (emphasis omitted).  Plaintiff asserts this "felt like a slap in the face," and he "felt violated,

3

belittled, threatened, intimidated and traumatized." *Id.* Plaintiff reports that, on another occasion, Ms. Van Horn told him "You People [sic] don't want to work." *Id.*

According to Plaintiff, he reported the conduct of Ms. Van Horn and requested to be excused from her meetings. (Doc. 9 at 2). However, his request was denied by Dr. Tso and Dr. Yoshikawa, who Plaintiff believes "failed to take appropriate corrective action . . . and provide plaintiff with [an] environment free from this type of harassment and hostility." *Id.* at 2, 3. Plaintiff asserts the failure to discipline Ms. Van Horn was retaliation for his EEO complaints, as well as "disparate treatment to plaintiff based on race (Asian), religion (Sikh), [and] EEO activity." *Id.* at 3.

Further, Plaintiff asserts he was not selected for new opportunities due to his EEO complaints. (Doc. 9 at 3-4). He alleges that Ms. Van Horn, Dr. Robert Gains, Dr. Lisa Altman, and Dr. Yoshikawa did not select him for several positions, including: "NP collaboration from 2005-2012, Tele Diabetes clinic in March, 2007-2011, Tele-ID clinic in February 2009 to present, Primary Care Dermatology clinic (2009), Tele-TBI clinic (2009), Academic position in 2011." *Id.* at 4. Plaintiff believes he "had the best clinical performance of all the Bakersfield providers and was otherwise fully eligible for these responsibilities," but the positions were given to physicians "who had not filed EEO complaint[s] and had lower clinical performance[s]." *Id.* In addition, Plaintiff observes that two other physicians, who filed EEO complaints, including his wife, were not selected for advancement. *Id.*

### III.   Discussion and Analysis

Although Plaintiff provides several factual allegations, he fails to identify his causes of action. Nevertheless, because Plaintiff requests relief from the alleged hostile work environment (Doc. 9 at 7), the Court construes the sole cause of action to be that of a hostile work environment in violation of Title VII.[1]

---

[1] Even if the Court construed the second amended complaint as raising a cause of action for retaliation, Plaintiff has not stated such a claim. The Ninth Circuit explained, "To establish a *prima facie* case of retaliation under Title VII, [the plaintiff] must show that: (1) [ ]he engaged in an activity protected by Title VII; (2) [his] employer subjected [him] to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action." *Bleeker v. Vilsack*, 468 F. App'x 731, 732 (9th Cir. 2012). Though a causal link may be implied from action occurring close in time to the protected activity, there is no factual support here for the conclusion that those taking the adverse action did so because Plaintiff engaged in protected activity or even, that they were aware of it. *Id.* Moreover, it appears that the sole EEO complaint was filed in 2006, which may create an issue related the statute of limitations

Under Title VII, a federal employee is entitled to work in an environment that is free "from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C.A. § 2000e-16(a). Likewise, because Title VII assures an employee of a work "environment free from discriminatory intimidation, ridicule, and insult," (*Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 65 (1986)), it is unlawful for an employer to create a hostile workplace. *McGinest v. GTE Serv. Corp.,* 360 F.3d 1103, 1112 (9th Cir. 2004).

To state a claim for a hostile work environment, Plaintiff must demonstrate he was subjected to unwelcome verbal or physical conduct because of his or membership in a protected class, and "the conduct was sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive work environment." *Manatt v. Bank of Am.*, 339 F.3d 792, 797 (9th Cir. 2003); *see also Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993) (a plaintiff must establish "the workplace is permeated with discriminatory, intimidation, ridicule and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment"). In addition, Plaintiff must demonstrate that the workplace was subjectively hostile *and* objectively hostile. *Nichols v. Azteca Rest. Enter.*, 256 F.3d 864, 871-872 (9th Cir.2001)

"In evaluating the objective hostility of a work environment, the factors to be considered include the 'frequency of discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.' *Nichols,* 256 F.3d at 872 (quoting *Harris v. Forklift Sys.,* 510 U.S. at 23, 114 S.Ct. 367). 'The required level of severity or seriousness varies inversely with the pervasiveness or frequency of the conduct.' *Id."* *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1113 (9th Cir. 2004)

Importantly, Plaintiff has not stated facts alleging verbal or physical abuse because of his membership in a protected class. Although Plaintiff identifies himself as an Asian and a Sikh, there are no facts supporting an inference that the actions taken were because of his race or religion. At most, Plaintiff alleges that Van Horn made a statement about "you people," but there are no factual allegations that explain this ambiguous comment. Even if the Court concludes that this statement was

---

depending upon when the events at issue occurred and may create an exhaustion issue as to retaliation that occurred *before* the EEO complaint was filed.

a discriminatory remark, this appears to be the single time such a remark was made. Vasquez v. County of Los Angeles, 349 F.3d 634, 642-643 (9th Cir.2003); Woodard v. PHB Die Casting, 255 F. App'x 608, 609-610 (3d Cir. 2007) (single use of the phrase "you people" and other sporadic, ambiguous incidents, even if related to race, "are the type of offhand comments that are insufficient to support a hostile work environment claim".)  Accordingly, Plaintiff has not stated a cognizable claim for a hostile work environment against Defendant.

## IV.     Conclusion and Order

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2).  Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)).  However, the Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

Once again, Plaintiff fails to identify the causes of action on which he seeks to proceed, and the allegations are not sufficient to give the defendants fair notice of the claims against them. *See Jones*, 733 F.2d at 649.  Plaintiff is required to provide basic information supporting his claims. *See Iqbal*, 129 S.Ct. at 1949 (a complaint must include more than "labels and conclusions").  Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Bell*, 127 S.Ct. at1965(citations omitted).  To the extent Plaintiff asserts he is the victim of a hostile work environment, he has not alleged facts supporting his claim against the defendant.

Accordingly, Plaintiff will be given a <u>final opportunity</u> to file a complaint that complies with the requirements of Rule 8. *See Lopez*, 203 F.3d at 1128 (dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile); *see also Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is instructed to comply with Rule 8(a) and (d) of the Federal Rules of Civil Procedure, which require "a **short and plain statement of the claim** showing that the pleader is entitled to relief" and each allegation to "be **simple, concise, and direct**." (emphasis added).

Further, Plaintiff is reminded that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). The amended pleading must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. The document must bear the docket number assigned this case and must be labeled "Third Amended Complaint." Finally, Plaintiff is reminded that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Second Amended Complaint is **DISMISSED WITH LEAVE TO AMEND**;
2. Within twenty-one days from the date of service of this order, Plaintiff **SHALL** file a Third Amended Complaint; and
3. <u>If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order pursuant to Local Rule 110</u>.

IT IS SO ORDERED.

Dated:   **December 6, 2012**            **/s/ Jennifer L. Thurston**
                                                         UNITED STATES MAGISTRATE JUDGE