1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

11   KULVINDER S. BOPARAI,                )   Case No.: 1:12-cv-00789- LJO-JLT
                                          )
12          Plaintiff,                    )   ORDER TO SHOW CAUSE WHY THE ACTION
                                          )   SHOULD NOT BE DISMISSED FOR
13     v.                                 )   PLAINTIFF'S FAILURE TO PROSECUTE AND
                                          )   FAILURE TO COMPLY WITH THE COURT'S
14   ERIC K. SHINSEKI, et al.,            )   ORDER
                                          )
15                                        )
            Defendants.                   )
16                                        )
                                          )
17   _____     )

18          Kulvinder S. Boparai ("Plaintiff") is proceeding *pro se* in this action for Title VII violations.

19   On December 7, 2012, the Court dismissed Plaintiff's second amended complaint with leave to amend.

20   (Doc. 10). Plaintiff was to file a Third Amended Complaint within twenty-one days of the date of

21   service of the order, or no later than December 28, 2012. *Id.* at 7.  However, Plaintiff failed to file a

22   Third Amended Complaint.

23          The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a

24   party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any

25   and all sanctions . . . within the inherent power of the Court."  Local Rule 110.  "District courts have

26   inherent power to control their dockets," and in exercising that power, a court may impose sanctions

27   including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831

28   (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute

an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause **within 14 days** of the date of service of this Order why the action should not be dismissed for failure to prosecute and failure comply with the Court's order, or in the alternative, to file a Third Amended Complaint in accordance with the Court's order dated December 7, 2012 (Doc. 10).

IT IS SO ORDERED.

Dated:   __**January 2, 2013**__                    _____**/s/ Jennifer L. Thurston**
                                                         UNITED STATES MAGISTRATE JUDGE

2