UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KULVINDER S. BOPARAI,<br><br>            Plaintiff,<br><br>      v.<br><br>ERIC K. SHINSEKI, Secretary of Veterans Affairs, et al.,<br><br>            Defendants. | Case No.: 1:12-cv-00789 - LJO - JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING PLAINTIFF'S THIRD AMENDED COMPLAINT WITHOUT LEAVE TO AMEND<br><br>(Doc. 14) |

Kulvinder S. Boparai ("Plaintiff") initiated this action for violations under Title VII on May 14, 2012. (Doc. 1). Plaintiff filed his Third Amended Complaint on January 29, 2013. (Doc. 14). For the following reasons, Court recommends Plaintiff's Third Amended Complaint is **DISMISSED WITHOUT LEAVE TO AMEND**.

**I.     Pleading Requirements**

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

1

A complaint must state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of a complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). A court should assume the truth of well-pled factual allegations and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

## II.     Plaintiff's Allegations

Plaintiff asserts he has suffered retaliation and discrimination based upon his "race (Asian), religion (Sikh), national origin (Myanmar) and prior EEO activity." (Doc. 14 at 13). He alleges he filed five EEO complaints between 2006 and 2012. *Id*. at 5. Plaintiff contends Jo Ann Van Horn, site manager for the Bakersfield clinic, and other VA staff members made "multiple false allegations" against Plaintiff from 2006 to 2012 in retaliation for this activity. *Id*. at 7. For example, Plaintiff alleges Blanch Glazier "made unsubstantiated allegations of [him] yelling at patients" in 2006. *Id.* In October 2006, Plaintiff asserts "Cyndi Gill wrote [a] false complaint . . . to Dr. Gains and offered to change the language to make it appear worse if Dr. Gains would like her to do that." *Id.* Further, Plaintiff asserts Patricia Hall filed complaints against him "repeatedly several times." *Id.* at 8.

1    Plaintiff alleges he "was denied compensatory time off in lieu of overtime" in "retaliation for
2 EEO activity" in August 2009. (Doc. 14 at 14). According to Plaintiff, directives of the Veterans
3 Health Administration mandate "compensatory adjustments," but Plaintiff was required to work
4 "uncompensated overtime on most days from 2005 to 2007 and frequently thereafter." *Id.* Plaintiff
5 reports Ms. Van Horn informed him that "there was no provision for compensatory time off," and
6 denied his request. *Id.*

7    Plaintiff asserts he "was denied the use of [a] contiguous second exam room on or around
8 August 30, 2009 by Anne Seydel, Administrative Officer for [the] Bakersfield Clinic." (Doc. 9 at 1).
9 Plaintiff alleges this unreasonably interfered in patient flow and his ability to do his job effectively and
10 thus was [hostile work environment]. *Id.* at 11-12. Further, Plaintiff contends the denial of the second
11 room was "unlawful retaliation for his EEO complaints and disparate treatment for participation in
12 EEO complaints in 2003, 11/6/2006, and 2/28/2009." *Id.* at 12.

13    In September 2010, Plaintiff reports he confronted Terry Larabee, a nurse that he believed was
14 "overbooking patients . . . at the orders of direction of Van Horn." (Doc. 14 at 9, 13). Plaintiff
15 contends this contributed to a hostile work environment, and was discrimination based upon race,
16 religion, and national origin because Ms. Larabee is "Caucasian, Christian, [and of] U.S. origin." *Id.*
17 Ms. Larabee filed a complaint, which Plaintiff asserts alleged "multiple false unsubstantiated
18 allegations," and Plaintiff was investigated for creating a hostile work environment. *Id.* at 9. Plaintiff
19 alleges the investigator concluded Plaintiff exhibited unprofessional conduct, and he was given a
20 memorandum of reprimand. *Id.* at 9-10. Plaintiff asserts the nurse was not disciplined for the false
21 accusations. *Id.* at 10, 13.

22    Plaintiff asserts Ms. Van Horn "falsely [and] unfairly accused [him] of refusing to see
23 patients." (Doc. 14 at 12). Plaintiff reports he objected to the accusations and told Ms. Van Horn to
24 address the issue with the lead physician. *Id.* In response:

25
26
27
> [Ms. Van Horn] got visibly upset and verbally assaulted [P]laintiff in [a] staff meeting in front of other doctors and nurses and yelled, snarled loudly, slowly emphasizing her words, threateningly said "As you know, we do not have a lead physician. We are going to settle it right here and right now" and continued staring at the plaintiff, daring and threatening the plaintiff.

28

3

*Id.* (emphasis omitted).  Plaintiff asserts this "felt like a slap in the face," and he "felt violated, belittled, threatened, intimidated and traumatized."  *Id.*  Plaintiff reports that, on another occasion, Ms. Van Horn told him "You People don't want to work."  *Id.*

According to Plaintiff, he reported the conduct of Ms. Van Horn and requested to be excused from her meetings.  (Doc. 14 at 13).  However, his request was denied by Dr. Tso and Dr. Yoshikawa.  *Id.*  Consequently, Plaintiff asserts they "failed to provide . . . [an] environment free from Hostile work environment & retaliation."  *Id.*  Plaintiff asserts the failure to discipline Ms. Van Horn was retaliation for his EEO complaints, as well as disparate treatment.  *Id.*

Further, Plaintiff asserts he was not selected for new opportunities due to his EEO complaints.  (Doc. 14 at 6-7).  He alleges Ms. Van Horn, Dr. Robert Gains, Dr. Lisa Altman, and Dr. Yoshikawa did not select him for several positions, including: "NP collaboration from 2005-2012, Tele Diabetes clinic in March, 2007-2011, Tele-ID clinic in February 2009 to present, Primary Care Dermatology clinic (2009), Tele-TBI clinic (2009), Academic position in 2011."  *Id.* at 6.  Plaintiff believes he "had the best clinical performance of all the Bakersfield providers and was otherwise fully eligible for these responsibilities," but the positions were given and physicians "who had not filed EEO complaint[s] and had lower clinical performance[s]."  *Id.*  In addition, Plaintiff observes that two other physicians who filed EEO complaints, including his wife, were not selected for an advancement position.  *Id.*

**III.     Discussion and Analysis**

Title VII makes it unlawful "for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this [title] . . . or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this [title]. . . ." 42 U.S.C. § 2000e-3(a).  In addition, Title VII provides it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1); *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).  The Supreme Court determined this guarantees "the right to work in an environment free from discriminatory intimidation, ridicule, and insult."  *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65 (1986).

**A.     Retaliation**

The Ninth Circuit explained an "employer can violate the anti-retaliation provisions of Title VII in either of two ways: (1) if the adverse employment action occurs because of the employee's opposition to conduct made unlawful [by Title VII]; or (2) if it is in retaliation for the employee's participation in the machinery set up by Title VII to enforce its provisions." *Hashimoto v. Dalton*, 118 F.3d 671, 680 (9th Cir. 1997).  To state a cognizable claim for retaliation, a plaintiff must allege: (1) he engaged in protected activity; (2) his employer subjected him to an adverse employment action; and (3) there is a causal link between the protected activity and the adverse action.  *Bleeker v. Vilsack*, 468 Fed. App'x 731, 732 (9th Cir. 2012); *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000).

       1.     Protected activity

For an employee's "opposition" to be protected, the employer's conduct which the employee opposed "must fairly fall within the protection of Title VII to sustain a claim of unlawful retaliation." *Learned v. Bellevue*, 860 F.2d 928, 932 (9th Cir. 1988).  Conduct constituting a "protected activity" under Title VII includes filing a charge or complaint, testifying about an employer's alleged unlawful practices, and "engaging in other activity intended to oppose an employer's discriminatory practices." *Raad v. Fairbanks N. Star Borough*, 323 F.3d 1185, 1197 (9th Cir. 2003) (citing 42 U.S.C. § 2000e-3(a)) (internal quotation marks omitted).  Here, Plaintiff asserts he made several EEO complaints, which satisfy the requirement that he engage in a protected activity.  *See Ray*, 217 F.3d at 1240.

       2.     Adverse employment action

"[A]n adverse employment action is one that materially affects the compensation, terms, conditions, or privileges of employment." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) (internal quotation marks and citation omitted).  The Ninth Circuit has determined "a wide array of disadvantageous changes in the workplace constitute adverse employment actions." *Ray*, 217 F.3d at 1240.

Here, Plaintiff contends he suffered an adverse employment decision through the denial of additional responsibilities.  In addition, Plaintiff asserts he received "unfair, undeserved annual performance evaluations in 2005, 2006, 2008 [and] 2009."  (Doc. 14 at 11).  Consequently Plaintiff alleges he suffered adverse employment actions.  *See, e.g., Yartzoff v. Thomas*, 809 F.2d 1371, 1376

(9th Cir. 1987) ("undeserved performance ratings . . . constitute adverse employment decisions"). *Hashimoto*, 118 F.3d at 674 ("dissemination of adverse employment references" constitutes an adverse employment action).

### 3. Causal link

The requisite causal link between protected activity and an adverse employment action may be "inferred from circumstantial evidence, such as the employer's knowledge that the plaintiff engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory employment decision." *Yartzoff*, 809 F.2d at 1375. "[C]ausation can be inferred from timing alone where an adverse employment action follows on the heels of protected activity." *Villiarimo v. Aloha Island Air*, 281 F.3d 1054, 1065 (9th Cir. 2002).

Significantly, for a causal link to be inferred, Plaintiff must allege his employer had knowledge of the protected activities. *See, e.g., Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987) (inferring causation where adverse employment actions took place less than three months after the plaintiff's complaint where his supervisors were aware of his Title VII charges and his participation in administrative investigations); *Strother v. S. Cal. Permanente Med. Grp.*, 79 F.3d 859, 869-70 (9th Cir. 1996) (finding causal link where alleged retaliation followed within months of protected activity where supervisor knew of the employee's complaint). Here, Plaintiff has not alleged those who gave the undeserved performance evaluations knew of his EEO complaints. Further, he has not alleged Dr. Gains, Dr. Altman, and Dr. Yoshikawa knew of his EEO complaints prior to bypassing him for additional responsibilities. Consequently, Plaintiff has failed to allege facts such that the Court can infer a causal link between his protected activities and the alleged adverse employment actions.

**B. Hostile Work Environment**

The Supreme Court determined Title VII is violated "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 78 (1998). To state a cognizable claim for a hostile work environment, Plaintiff must demonstrate (1) he was subjected to unwelcome verbal or physical conduct because of his or membership in another protected class, and (2) "the conduct was sufficiently

6

severe or pervasive to alter the conditions of [his] employment and create an abusive work environment." *Manatt v. Bank of Am.*, 339 F.3d 792, 797 (9th Cir. 2003); *see also Dawson v. Entek Int'l*, 630 F.3d 928, 939 (9th Cir. 2011).

Here, Plaintiff alleges he is a member of several protected classes. However, Plaintiff has not stated facts alleging verbal or physical abuse because of his membership in a protected class. Although Plaintiff contends Ms. Van Horn stated, "You People do not want to work" (Doc. 14 at 2), it is not clear whether she was talking about his race, religion, national origin, or even his position as a doctor considering her position as a nurse. In *Vasquez*, the Ninth Circuit noted the plaintiff complained about harassing racially-related epithets and conduct "which occurred over the course of more than one year." *Vasquez*, 349 F.3d at 644. The Court determined the offensive remarks were not severe or pervasive enough to create a hostile work environment. *Id.* Consequently, because Plaintiff has only identified one comment with ambiguous meaning, he has not stated a cognizable claim for a hostile work environment.

### C. Disparate Treatment

"A person suffers disparate treatment in his employment when he or she is singled out and treated less favorably than others similarly situated." *Cornwell v. Electra Central Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006). To state a cognizable claim of disparate treatment, a plaintiff must allege (1) he belongs to a class protected by Title VII; (2) he performed his job satisfactorily; (3) he suffered an adverse employment action; and (4) "the plaintiff's employer treated the plaintiff differently than a similarly situated employee who does not belong to the same protected class as the plaintiff." *Id.*

As discussed above, Plaintiff is the member of several protected classes, and suffered adverse employment actions. Further, he alleges he "had the best clinical performance of all the Bakersfield providers." (Doc. 14 at 6). However, Plaintiff does not assert those not in protected classes were treated more favorably or given the desired additional responsibilities. Further, no factual allegations support a determination that he was treated less favorably than other physicians with whom he was similarly situated. Therefore, Plaintiff has not stated a cognizable claim for disparate treatment.

///

### IV. Findings and Recommendations

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, the Court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)).

In spite of the guidance offered by the Court regarding the necessary elements required to state each claim, Plaintiff has failed to allege facts that support his claims of hostile work environment, disparate treatment, and retaliation. Based upon the record, the facts set forth in the Third Amended Complaint, and the failure of Plaintiff to cure the deficiencies noted, the Court must conclude Plaintiff is unable to do so and granting Plaintiff further leave to amend would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Based upon the foregoing, **IT IS HEREBY RECOMMENDED**:

1. Plaintiff's Third Amended Complaint be **DISMISSED WITHOUT LEAVE TO AMEND**; and
2. The Clerk of Court be DIRECTED to close the action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 21, 2013**            /s/ Jennifer L. Thurston
                                                              UNITED STATES MAGISTRATE JUDGE