# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KULVINDER S. BOPARAI,<br><br>           Plaintiff,<br><br>     v.<br><br>ERIC K. SHINSEKI, et al.,<br><br>           Defendants. | Case No.: 1:12-cv-00789- LJO-JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SEAL DOCUMENTS<br><br>(Doc. 17) |

Kulvinder S. Boparai ("Plaintiff") is proceeding *pro se* in this action for Title VII violations. On March 11, 2013, Plaintiff filed a motion to seal documents, asserting the physician's note provided in support of his motion for an extension of time was "privileged and confidential and not part of the action." (Doc. 17 at 1). In addition, Plaintiff asserts the fact that he was under the care of the physician was privileged and should not have been referred to in the Court's order. *Id.* Accordingly, Plaintiff requests the Court seal his motion to seal, his motion for an extension of time, and the Court's order dated January 7, 2013. *Id.* at 2.

Generally, documents filed in civil cases are presumed to be available to the public. *EEOC v. Erection Co.*, 900 F.2d 168, 170 (9th Cir. 1990); *see also Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). A moving party must show "compelling reasons" to justify an order sealing documents that are part of the judicial record. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "This

1

standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). Thus, the moving party must demonstrate "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79 (internal quotation marks and citations omitted). Likewise, Local Rule 141(b) provides,

> The "Request to Seal Documents" **shall set forth the statutory or other authority for sealing**, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information.

*Id.* (emphasis added).

Here, Plaintiff advances little justification for his request. He does not cite any authority for the proposition that the material which he seeks to be sealed should be sealed. Though Plaintiff argues the fact he is under a physician's care is privileged, *he chose* to disclose this information to the Court when he sought an extension of time, and included a note from his physician that was directed simply "To Whom It May Concern." (Doc. 12 at 3). Plaintiff now seeks to assert this was confidential without reference to any legal authority and despite that it was not a communication made between Plaintiff and his physician. Rather, by the nature of the letter, it is clear that disclosure was anticipated. Moreover, by seeking to have the letter filed on the public docket, the Court is at a loss to understand how Plaintiff can now claim he did not mean for the information to be revealed. Consequently, Plaintiff has not identified any compelling reason justifying the Court sealing the documents.

Based upon the foregoing, Plaintiff's request to seal documents is **DENIED**.

IT IS SO ORDERED.

Dated:   **March 14, 2013**                           **/s/ Jennifer L. Thurston**
                                                                          UNITED STATES MAGISTRATE JUDGE